UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD ERIC BEHRENS,<br><br>Defendant. | Case No. 1:19-cr-00044-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court are Defendant's Motions in Limine. Dkt. 64, 66. The motions are fully briefed and at issue.

**BACKGROUND**

Trial in this matter is set for August 31, 2020. Defendant, Edward Behrens, was indicted on one count of possession with intent to distribute methamphetamine. Dkt. 24. It is alleged by the Government that Boise Police officers conducted a traffic stop of Behrens' car. During the stop a drug dog alerted to the presence of narcotics in the vehicle. Officers found a package containing

425.68 grams of methamphetamine. *See* Dkt. 51 at 2.

The Government filed a notice of intent to use 404(b) evidence related to Behrens' prior drug convictions. In 2005, Behrens pled guilty to Trafficking in Methamphetamine or Amphetamine, Felony, in violation of Idaho Code § 37-2732B(a)(4). *See* Dkt. 38 at 2. In 2012 Behrens pled guilty to possession with intent to distribute a controlled substance and admitted to knowingly distributing methamphetamine. *Id.* at 2-3. Behrens moved to exclude this evidence. The Court denied Behrens' motion and indicated it would admit evidence of Behrens 2012 and 2005 convictions. Dkt. 38.

The Government listed Detective Paul Olsen as a witness.[1] Detective Olsen investigated Behrens conduct leading to the 2012 conviction. The Government indicates that it intends to call Detective Olsen, to briefly testify regarding the underlying facts of that case, which include Behrens delivering methamphetamine to a confidential informant on two occasions, and attempting to arrange an additional controlled purchase of methamphetamine. Dkt. 76 at 2.

The parties stipulated to admit the 2005 and 2012 judgments of conviction.

---

[1] The Government also listed Richard Herndon as a witness, anticipating he would testify to Behrens conduct underlying the 2005 conviction. The Government now indicates that it no longer intends to call Herndon and will rely on the 2005 judgment of conviction alone. Therefore, Behren's motion as to Herndon appears to be moot.

Behrens now seeks to exclude any further evidence relating to his conduct leading to these convictions.

## LEGAL STANDARD

There is no express authority for motions in *limine* in either the Federal Rules of Criminal Procedure or the Federal Rules of Evidence. Nevertheless, these motions are well recognized in practice and by case law. *See, e.g.*, *Ohler v. United States*, 529 U.S. 753, 758 (2000). They key function of a motion in limine is to "exclude prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 (1984). A ruling on a motion in limine is essentially a preliminary ruling, which may be reconsidered in the context of trial. *Id.* at 41.

## ANALYSIS

### A.   Defendant's Silence and Request for Attorney

Behrens seeks to exclude evidence and testimony relating to his silence and request for an attorney following his arrest. Dkt. 64. The Government does not oppose this motion and indicates that it will not seek to admit the evidence described in the motion. Accordingly, the motion will be granted.

### B.   404(b) Evidence

Behrens seeks to exclude any evidence relating to the prior convictions beyond the judgments of conviction. Dkt. 66. The Government argues that it should be allowed to call Detective Olsen because the judgment of conviction does

MEMORANDUM DECISION AND ORDER - 3

not provide the jury with context needed to understand the evidence and consider it for the purposes for which it will be offered – Behrens' knowledge of methamphetamine and intent to distribute it. The Government also argues that the judgment of conviction was for possession of a "controlled substance," and does not identify the substance. The Government argues that for the jury to properly consider the judgment of conviction they must be informed that the controlled substance was methamphetamine. Dkt. 76.

Federal Rule of Evidence 404(b) prohibits the admission of evidence of a crime or other bad act to show a defendant's criminal propensity. Fed. R. Evid. 404(b)(1). Evidence of prior bad acts may be admissible for other purposes, such as proving motive, intent, knowledge, or absence of a mistake or accident. Fed. R. Evid. 404(b)(2). The rule is one of inclusion and other acts evidence is admissible whenever relevant to an issue other than the defendant's criminal propensity. *See United States v. Green*, 648 F.2d 587, 592 (9th Cir. 1981) (*per curiam*).

Evidence of prior bad acts is admissible for a proper purpose if: (1) the evidence tends to prove a material point; (2) in cases where knowledge and intent are at issue, the act is similar to the offense charged; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) the prior act is not too remote in time. *United States v. Vo*, 413 F.3d 1010, 1017–18 (9th Cir.

2005) (internal quotations admitted). The court must then determine if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice to the defendant, pursuant to Federal Rule of Evidence 403. *Id*.

The Government has the burden of proof on all of the requirements. *United States v. Arambula–Ruiz*, 987 F.2d 599, 60203 (9th Cir.1993). It must "articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir.1982).

The Court already ruled that evidence of Behrens' prior convictions is admissible under Rule 404(b). Dkt. 38. The question here is whether Behrens' may exclude the Government's evidence of his conduct leading to the 2012 conviction, even though Behrens' has stipulated to the admission of the judgment of conviction.

Detective Olsen's testimony regarding Behrens' conduct leading to his 2012 conviction is relevant. It tends to prove his knowledge of methamphetamine and how it is distributed. Further it is relevant to Behrens' intent to distribute the methamphetamine found in his car in 2019. It will also provide the jury with important context for the judgment of conviction, including that the substance distributed was methamphetamine. If, as the Government suggests, Detective

**MEMORANDUM DECISION AND ORDER - 5**

Olsen's testimony is a brief factual recitation of Behrens' conduct leading to his conviction, the probative value will not be outweighed by unfair prejudice to the Defendant.

Further, the Ninth Circuit has repeatedly recognized that "a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." *United States v. Lee*, 197 F. App'x 698, 700 (9th Cir. 2006) (quoting *Old Chief v. U.S.*, 519 U.S. 172, 186-87 (1997)). Where a defendant stipulates to his felon status, when it is at issue, the Government may not offer evidence beyond the judgment of conviction. However, where the defendant's felon status is not at issue, then "the prosecutor's choice [of what evidence to produce at trial] will generally survive a Rule 403 analysis when a defendant seeks to force the substitution of an admission for evidence creating a coherent narrative of his thoughts and actions in perpetrating the offense for which he is being tried." *United States v. Allen*, 341 F.3d 870, 888 (9th Cir. 2003) (quoting *Old Chief*, 519 U.S. at 191-92) (alterations in original)). Ultimately, "the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away." *Id.*; *see also United States v. Butler,* 133 F. App'x 436, 438 (9th Cir. 2005) ("[I]n cases not involving a status conviction, the defendant may not stipulate away the ability of the prosecution to present its case;

the prosecution may elect to prove its case by presenting a coherent narrative.").

In this case, Officer Olsen will apparently offer substantial testimony about the details of the Defendant's prior conviction that goes to the heart of why the Government sought, and the Court agreed to, the admission of the conviction. The Court assumes that Olsen will testify about the specific drug involved in that conviction, the quantities involved, the drug transactions which led to the Defendant's arrest and conviction, as well as the Defendant's specific actions which signify an understanding and awareness of the manner and means by which illicit drugs are sold and purchased. Of course, the Defendant may be willing to stipulate to the additional facts to which Olsen intends to testify. If such a stipulation is offered by the Defendant, the Court may reconsider this ruling.

Accordingly, the Court will deny Behrens' motion to exclude Detective Olsen's testimony at this time. Because the Court has not heard Detective Olsen's testimony, and is basing its ruling on the Government's description, Behrens is free to object at trial. As previously indicated, the Court intends to give the Ninth Circuit Model Jury Instructions dealing with 404(b) evidence.

## ORDER

**IT IS ORDERED that:**

1.  Defendant's Motion in Limine (Dkt. 64) is GRANTED.

2.  Defendant's Motion in Limine (Dkt. 66) is DENIED.

DATED: August 29, 2020

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 8**