UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 1:19-cr-00044-BLW |
|---|---|
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| EDWARD ERIC BEHRENS, | |
| Defendant(s). | |

## INTRODUCTION

Before the Court are two motions in limine filed by Defendant Edward Eric Behren, seeking to preclude the Government from introducing certain evidence at trial (Dkts. 134, 137). The Government has filed responses to Defendant's motions as well as a Notice of Intent to Use 404(b) Evidence (Dkts. 135, 136, 139). The Court will grant in part and deny in part Defendant's first motion in limine (Dkt. 134) and will grant the second motion in limine (Dkt. 137).

## BACKGROUND

Defendant is charged with one count of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). The Superseding Indictment alleges Defendant knowingly and intentionally possessed,

MEMORANDUM DECISION AND ORDER - 1

with intent to distribute, more than 50 grams of actual methamphetamine. (*Id.*)

This case previously went to trial, and the jury found Defendant guilty as charged in the Superseding Indictment. The case is back before the Court after the Court granted Defendant's motion for a new trial.

### A. Defendant's Motion in Limine Filed Before First Trial

Prior to the first trial, Defendant filed a motion in limine seeking to exclude evidence of Defendant's prior criminal record, and the testimony of Detective Louwsma regarding Defendant's intent to distribute methamphetamine. (Dkt. 34.) As to the prior criminal record, the Government had provided notice under Federal Rule of Evidence 404(b) of intent to introduce evidence of Defendant's prior criminal history of (1) a 2012 federal conviction of Possession with Intent to Distribute a Controlled Substance; and (2) a 2005 state conviction of Trafficking in Methamphetamine. (Dkt. 26.)

The Court granted in part and denied in part Defendant's motion in limine. (Dkts. 38, 78.) As to the prior criminal history, the Court ruled that evidence regarding the 2005 and 2012 convictions was admissible. (*Ibid.*) As to the proposed testimony of Detective Louwsma, the Court ruled that Deective Louwsma would not be allowed to testify as to Defendant's mental state, including Defendant's personal intent or the lack thereof. (Dkt. 38.) However, the Court ruled that Detective Louwsma could testify regarding use and distribution of

methamphetamine in general, and whether the quantity of methamphetamine found in this case is consistent with personal use. (*Id.*)

### B.   First Trial and Granting of New Trial

The first trial was held in August and September 2020. During trial, the Government disclosed evidence to defense counsel that had not been previously disclosed. The defense raised a *Brady* objection, which the Court declined to rule on at the time, and the case was submitted to the jury. The jury found Defendant guilty of the single count in the Superseding Indictment—Possession with Intent to Distribute Methamphetamine. (Dkt. 83.)

Following trial, Defendant moved for acquittal, or a new trial, based on the Government's failure to previously disclose *Brady* evidence. After holding a hearing, the Court vacated the jury's guilty verdict and granted a new trial, finding that Defendant's due process rights were violated by the Government's failure to disclose favorable evidence. (Dkt. 126.) The new trial is set to begin on October 25, 2021.

## LEGAL STANDARD

There is no express authority for motions in limine in either the Federal Rules of Criminal Procedure or the Federal Rules of Evidence. Nevertheless, these motions are well recognized in practice and by case law. *See, e.g., Ohler v. United States*, 529 U.S. 753, 758 (2000). The key function of a motion in limine is to

"exclude prejudicial evidence before the evidence is actually offered.*" Luce v. United States*, 469 U.S. 38, 40 (1984). A ruling on a motion in limine is essentially a preliminary ruling, which may be reconsidered in the context of trial. *Id.* at 41.

## ANALYSIS

Defendant seeks to exclude seven categories of evidence. The Court will address each category in turn.

### A. Evidence of Defendant's prior criminal record.

Defendant seeks to exclude evidence of his prior criminal record. He concedes that he sought exclusion of this evidence prior to the first trial, and that the Court denied the request. However, Defendant argues that the evidence of his prior criminal history is not relevant under Federal Rule of Evidence 401 and that, even if it is, the evidence is excludable under Federal Rule of Evidence 403 on the ground that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or creating undue delay, waste of time, or needless presentation of cumulative evidence.

The Government has filed a Rule 404(b) notice that it intends to introduce testimony regarding two prior judgements of conviction—the 2012 federal conviction of possession with intent to distribute a controlled substance and the 2005 state conviction of trafficking in methamphetamine—and evidence supporting those convictions. (Dkt. 135.) This is the same evidence that Defendant

sought to exclude prior to the first trial, and which the Court previously ruled was admissible. (*See* Dkts. 38, 78.) Defendant has provided no new information or argument that convinces the Court that its previous ruling was in error. Accordingly, for the reasons previously set forth by the Court (*see* Dkts. 38 and 78), the Court will deny Defendant's motion to exclude evidence of the 2012 and 2005 convictions.

Defendant also seeks to exclude evidence regarding the remainder of Defendant's criminal history, including convictions and/or charges of driving under the influence and driving without a valid driver's license. The Government has not filed a 404(b) notice regarding anything beyond the 2012 and 2005 convictions. The Government also represents that it does not object to the exclusion of, and will not seek to admit, evidence regarding the remainder of Defendant's criminal history unless Defendant opens the door to such evidence, or the evidence otherwise becomes admissible.

The Court finds that evidence regarding additional aspects of Defendant's criminal history is not relevant and is therefore inadmissible. The Court will accordingly grant the motion in limine to the extent Defendant seeks to exclude evidence of his criminal history beyond that related to the 2012 and 2005 convictions.

### B.     Evidence that Defendant owed child support.

Defendant seeks to exclude evidence that he owed child support at the time of the stop. In its response, the Government states that it agrees that failure to pay child support is generally inadmissible and represents that it will not introduce any evidence on this issue unless the Defendant opens the door to such evidence. The Government also explains that, during the traffic stop, Defendant told the officer that Defendant's license was suspended for failure to pay child support, and that this conversation is recorded on the officer's body camera. The Government represents that it has prepared a redacted version of the body-camera video that removes the discussion regarding child support and intends to use only the redacted version during trial.

The Court finds that the evidence regarding the status of Defendant's payment or nonpayment of child support is not relevant and will accordingly grant the motion in limine to the extent Defendant seeks to exclude such evidence. Further, the Court notes that, to the extent testimony may be introduced during trial regarding the status of Defendant's driver's license at the time of the stop—i.e., that it was suspended—such testimony would not render the reason behind the suspension relevant and accordingly would not open the door to testimony regarding the status of Defendant's payment or nonpayment of child support.

### C. Evidence that Defendant was attempting to evade law enforcement prior to the traffic stop.

Defendant seeks to exclude evidence that he was attempting to evade law enforcement prior to the traffic stop. Specifically, at the first trial, Officer Burch testified as follows:

> A. So by the time I completed the U-turn, like I said, the car had made through a green light. When I caught up, it was turning red, so I had to stop at the red light, of course.
>
> And then after it had proceeded through the light, it turned into one of the surface streets into the Hyatt Place Hotel parking lot or the Applebee's….
>
> Q. Did that same [sic] strange to you at all?
>
> A. It was right around the same time that I had performed the U-turn, so it definitely caught my attention.
>
> Q. And why is that?
>
> A. Well, when I perform a U-turn, I think it's one of those things where if you see a police car perform a U-turn, I think the common person knows: Hey, the car might be interest in me.
>
> So right after that U-turn, he made a right-hand turn, which is, of course, the easiest turn to make on the roadway. It's generally indicative that they might be trying to avoid police presence.
>
> Q. So was - - is it your belief that he likely saw you make that U-turn."
>
> A. Yeah, that's my belief.
>
> . . . .

>   Q. Did that seem strange or suspicious to you at all?
>
>   A. Yeah. That's another thing that kind of married up with my initial suspicion that, hey, maybe the car is trying to avoid me. Now it's going back the way it was just going moments after it had just turned into a parking lot.

Trial Transcript, p.18, LL.3-25 and p. 19, LL.15-19.

Defendant seeks to exclude this evidence, arguing that Officer Burch's testimony that Defendant was attempting to evade law enforcement was based on speculation and is not relevant. Further, Defendant argues that even if the testimony has some relevance, the evidence is excludable under Rule 403 because the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or creation of undue delay, waste of time, or needless presentation of cumulative evidence.

The Government opposes the exclusion of this evidence, arguing that the evidence is relevant to show knowledge, which is an element of the offense.

The Court finds that Officer Burch's testimony regarding Defendant's driving pattern is relevant, but that it is speculative as to whether that driving pattern indicated an intent to evade the officer. Therefore, Officer Burch can testify as to whether Defendant was close enough to see the officer's vehicle when the officer made a u-turn and may describe Defendant's subsequent driving pattern. However, there is nothing about the Officer Burch's experience which would give

him a unique ability to divine Defendant's intent from that driving pattern. The jury, collectively, is at least as well-equipped to draw on their life experiences in concluding whether Defendant was or was not trying to elude the officer. Accordingly, Defendant's motion in limine will be granted to the extent that Officer Burch will be allowed to testify as to what he observed, but will not be permitted to offer an opinion as to what Defendant's driving suggested to the officer.

### D.  Evidence that Defendant was attempting to hide something as he slowed down in response to the traffic stop.

Defendant seeks to exclude evidence that he was attempting to hide something as he slowed down in response to the traffic stop. Specifically, during the first trial, Officer Burch testified as follows:

> Q.  Can you describe kind of the way in which the traffic stop actually occurred. You know, roughly when you turned on your overhead lights to make that stop, and eventually when did you come to an actual complete stop?
>
> A.  Yeah. So when I initiated the traffic stop, the vehicle had just started to go down Targee. So it had made another westward turn from Owyhee onto Targee. I turned on my lights, and the vehicle then made a – it would have been a northbound turn onto that alleyway and just rolled really slow before pulling over and turning into – it was kind of like a parking lot in front of a residence. But it was in a rear-facing alley, so it was a gravel - - basically it was like a little gravel lot that it finally came to rest in. But it was a slow, meandering stop.
>
> Q.  Did that seem strange at all to you?

>       A.      Yeah. When a vehicle takes a long time to stop on a traffic stop, it sometimes – sometimes is indicative that the person is trying to hide something, trying to think about something, maybe trying to find a parking spot because they don't want their vehicle to be, you know – like, say they have like a license issue; they don't want their vehicle to be in the middle of the road and then they can't drive it.

Trial Transcript, p.21, LL.3-24.

Defendant seeks to exclude this evidence, arguing that Officer Burch's testimony—that the way in which Defendant slowed down for the stop is indicative of someone trying to hide something—is based on speculation, is not relevant, and should be excluded. Further, Defendant argues that even if the testimony has some relevance, the evidence is excludable under Rule 403 because the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence.

The Government opposes the exclusion of this evidence arguing that the evidence is relevant to show that Defendant was attempting to hide something and thus had knowledge of the presence of the methamphetamine.

The Court finds Officer Burch may certainly testify as to what he observed, and may even offer his opinion, rationally based upon his perception, that the driver had time to hide something under the front seat.  *See* Fed. R. Evid. 701. However, testifying that a vehicle slowly rolling to a stop, and turning into a

parking lot for the stop, "sometimes is indicative that the person is trying to hide something," and thus that Defendant may have been trying to hide something, is speculative and goes beyond simply giving the jury a clear understanding of the officer's testimony. Moreover, Officer Burch's reasons for the opinion lacks a sufficient basis in facts or data which can be tested by Defendant, and is not based on any specialized knowledge that would be helpful to the jury. *See* Fed. R. Evid. 702. Rather, it is precisely the type of conclusion that the jury is well able to make on their own, based upon their collective life experiences. Accordingly, Defendant's motion in limine will be granted to the extent Defendant seeks to exclude testimony from Officer Burch regarding the officer's conclusion that the manner in which Defendant slowed and stopped is indicative of someone trying to hide something, and that thus Defendant may have been trying to hide something as he was being stopped.

> **E.     Evidence that Defendant possessed the methamphetamine found in the vehicle with the intent to distribute it to others.**

Defendant seeks to exclude expert testimony from Kevin Louwsma, or any other witness, that includes an opinion on an ultimate issue, such as that Defendant possessed methamphetamine with the intent to distribute it.

Consistent with the Court's previous ruling on this issue (*see* Dkt. 38), Detective Louwsma will not be allowed to testify as to Defendant's mental state,

MEMORANDUM DECISION AND ORDER - 11

including Defendant's personal intent or lack thereof, but will be allowed to testify as to whether the amount of drugs seized was consistent with personal use. Accordingly, Defendant's motion in limine will be granted to the extent he seeks to exclude testimony regarding an ultimate issue, such as his intent.[1]

### F.     Evidence that Defendant was found guilty in the first trial.

Defendant seeks to exclude evidence that he was found guilty in the first trial. The Government responds that it does not intend to offer such evidence and does not object to the exclusion of such evidence.

The Court agrees that evidence regarding the first trial is not relevant and would further be unfairly prejudicial. The Court will therefore grant the motion in limine to the extent Defendant seeks to exclude evidence or mention of the first trial, Defendant's conviction at the first trial, or the jury's finding of guilty at the first trial. The Court instructs counsel that, to the extent they need to reference the first trial, they are to use a reference such as "prior court proceeding," and are not to use the word "trial" in any such reference. Counsel are also directed to instruct their witnesses not to mention the first trial during their testimony.

---

[1] However, as the Court previously ruled, Detective Louwsma may testify regarding use and distribution of methamphetamine in general, and may also testify as to whether the quantity of methamphetamine found in this case is consistent with personal use (*see* Dkt. 38).

**MEMORANDUM DECISION AND ORDER - 12**

**G.     Evidence of Defendant's silence and request for an attorney.**

Defendant seeks to exclude evidence that he remained silent during questioning by law enforcement and that he requested an attorney. Specifically, Defendant references Officer McCarthy's supplemental report, which states:

- After the officer attempted to bring up the suspected methamphetamine found in Defendant's vehicle, Defendant requested an attorney.

- At no time during the interview did Behrens ask why he was being questioned at the police department for a suspended driver's license arrest.

- At no time during the interview did Behrens question the suspected narcotics found in his vehicle.

The Government does not oppose exclusion of this evidence and represents that it does not intend to have Officer McCarthy testify regarding Defendant's silence and request for an attorney. The Court will accordingly grant the motion in limine to the extent Defendant seeks to exclude this evidence.

## ORDER

**IT IS ORDERED that:**

1. Defendant's first Motion in Limine (Dkt. 134) is **GRANTED** in part and **DENIED** in part as follows:

    a.    *Defendant's criminal history*: The motion is **DENIED** to the

       extent Defendant seeks to exclude evidence of the 2012 and 2005 convictions; the motion is **GRANTED** to the extent Defendant seeks to exclude evidence of his other criminal history.

b. *Status of Defendant's payment of child support*: The motion is **GRANTED** to the extent Defendant seeks to exclude evidence regarding the status of Defendant's payment or nonpayment of child support.

c. *Attempt to evade law enforcement*: The motion is **GRANTED** to the extent Defendant seeks to exclude evidence that the officer drew the conclusion that Defendant may have been attempting to evade law enforcement.

d. *Evidence that Defendant may have been trying to hide something*: The motion is **GRANTED** to the extent Defendant seeks to exclude evidence that the officer drew the conclusion that Defendant may have been trying to hide something.

e. *Testimony regarding ultimate issue*: The motion is **GRANTED** to the extent Defendant seeks to exclude expert testimony on Defendant's mental state, including his personal intent or lack

        thereof.

    f.    *Evidence regarding first trial*: The motion is **GRANTED** to the extent Defendant seeks to exclude evidence of, or any mention of, the first trial, Defendant's conviction at the first trial, or the jury's finding of guilty at the first trial.

2.    Defendant's second Motion in Limine (Dkt. 137) is **GRANTED**. Evidence that Defendant remained silent and requested an attorney is excluded.

DATED: October 22, 2021

_____
B. Lynn Winmill
U.S. District Court Judge