UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD ERIC BEHRENS,<br><br>Defendant. | Case Nos.  4:11-cr-00228-BLW<br>                    1:19-cr-00044-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendant's Motion to Reduce Sentence (Dkt. 118 in Case No. 4:11-cr-228-BLW and Dkt. 209 in Case No. 1:19-cr-00044-BLW). For the following reasons, the Court finds the Motion moot in part and directs the Government to file a response in part.

## BACKGROUND

On September 20, 2022, the Court sentenced Defendant to a term of one year on a supervised release revocation in the 2019 case to run concurrently with the 22-month sentence imposed on the same day on a supervised release revocation

**MEMORANDUM DECISION AND ORDER - 1**

in the 2011 case. On April 14, 2023, Defendant filed a letter docketed as the pending Motion to Reduce Sentence in each of the two cases. He states that he was denied good time credit on his federal sentence due to the "verbiage" or "legalese" used when the Court imposed sentence. He also states that his cell phone seized at the time of his arrest has not been returned to him.

## DISCUSSION

Due to the passage of time, Defendant's Motion to Reduce Sentence has become moot. It appears that he was released from custody on February 9, 2024.

As for his cell phone, Defendant states that it had been seized as evidence and removed from his personal property by the local Sheriff's Department. His attorney later advised him that the phone was in the possession of the Assistant United States Attorney assigned to the case and that it would be returned to him after sentencing. As of the date of the Motion, Defendant had not received the cell phone.

Rule 41(g) of the Federal Rules of Criminal Procedure provides that "[a] person aggrieved by an unlawful search and seizure of property or by deprivation of property may move for the property's return." Here, Defendant is not alleging that the cell phone was illegally seized. Rather, he is alleging that he has been deprived of the cell phone, and the Government has no apparent reason to retain possession. The rule applies whether or not the seizure was illegal. *United States v.*

**MEMORANDUM DECISION AND ORDER - 2**

*Martinson*, 809 F.2d 1364, 1367 (9th Cir. 1987) (construing the substantively identical former Rule 41(e)). *See* 3A Charles Alan Wright, et al., FEDERAL PRACTICE AND PROCEDURE: CRIMINAL § 690 (4th ed. 2016) (case law interpreting former Rule 41(e) is generally applicable to the current Rule 41(g)).

When a criminal proceeding is complete, "[t]he person from whom the property is seized is presumed to have a right to its return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property." *Martinson*. 809 F.2d at 1367. *See also United States v. Kriesel*, 720 F.3d 1137, 1144 (9th Cir. 2013) (". . . Rule 41(g) motion should presumptively be granted if the government "no longer needs the property for evidence.") (citation omitted). *Martinson*, 809 F.2d at 1367.

The Court recognizes that the cell phone may have been returned since the date Defendant filed his Motion. The Court will direct the Government to respond to Defendant's claim regarding the cell phone. More specifically, the response should provide details such as whether it ever had Defendant's cell phone in its possession; if so, whether it has returned the cell phone to Defendant; if not, who retains possession of the cell phone at this time; if it still has Defendant's cell phone in its possession, whether it claims any grounds for continuing to retain possession; and any other information relevant to Defendant's claim.

**MEMORANDUM DECISION AND ORDER - 3**

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion to Reduce Sentence (Dkt. 118 in Case No. 4:11-cr-228-BLW and Dkt. 209 in Case No. 1:19-cr-00044-BLW) is **MOOT.**

2. The Government shall respond within fifteen (15) days from the date of this Order advising the Court as directed above.

3. If the Government still has Defendant's cell phone in its possession and asserts no claim to continued possession, it shall contact Defendant's Probation Officer to arrange for its return to Defendant and advise the Court when it has done so.

4, This Order shall be docketed in each of the two cases referenced above.

DATED: April 2, 2024

B. Lynn Winmill
U.S. District Court Judge